FILED
.PERIOR COURT
OF GUAM

2024 AUG 22 PM 4: 46

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SAING KUI KIM,<br><br>Plaintiff,<br><br>vs.<br><br>JAEUN KATHY YU,<br><br>Defendant. | DOMESTIC CASE NO. DM0472-18<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on May 24, 2024, for hearing on Defendant Jaeun Kathy Yu's ("Defendant") Motion for Reconsideration and for Enforcement of Findings of Fact and Conclusions of Law; Motion for Updated Accounting ("Motion for Reconsideration"). Present were Defendant with counsel, Daron J. Berman, and Plaintiff Saing Kui Kim ("Plaintiff") with counsel, Christine C. Arriola. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On July 30, 2023, the Court issued its Findings of Fact and Conclusions of Law after twenty days of trial, ultimately dissolving the parties' marriage based on irreconcilable differences and distributing property and debt to the parties. *See generally,* Findings of Fact and Conclusions of Law ("FFCL"), Jul. 30, 2023.

On August 28, 2023, Plaintiff filed a Motion to Reconsider Findings of Fact and Conclusions of Law, which was subsequently denied by the Court. *See* Dec. & Order, Jan. 8, 2024.

On March 18, 2024, Defendant filed the instant Motion for Reconsideration. Defendant also filed a Declaration of Defendant in Support of the Motion for Reconsideration and for Enforcement of Findings of Fact and Conclusions of Law. On April 12, 2024, Plaintiff filed his Opposition and a Cross-Motion for Reconsideration, and on April 26, 2024, Defendant filed her Reply.

On May 24, 2024, the Court heard arguments on the Motion and subsequently placed the matter under advisement.

## DISCUSSION

### I. Motion for Reconsideration

Defendant moves the Court to reconsider debts associated with her Bankruptcy Case No. 17-00096 pursuant to Guam Rules of Civil Procedure Rule 60(b). *See generally,* Mot. Reconsideration, Mar. 18, 2024. Rule 60(b) provides in relevant part that:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> * * *
>
> (6) any other reason justifying relief from operation of the judgment.
>
> The motion shall be made within a reasonable time, and for reasons (1), (2), (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

Guam R. Civ. P. 60(b). "Rule 60(b)(1) authorizes a court to grant relief from judgments for 'mistake, inadvertence, surprise, or excusable neglect.' The 'mistakes' of judges may be remedied under this provision. The rule encompasses mistakes in the application of the law." *Cristobal v. Siegel,* 2012 Guam 16 ¶ 8 (quoting *Parks v. U.S. Life & Credit Corp.,* 677 F.2d 838, 839-40 (11th

Cir. 1982)). "Like a motion to reconsider, a motion under Rule 60(b) is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." *Kustom Signals, Inc. v. Applied Concepts, Inc.*, 247 F. Supp. 2d 1233, 1235 (D. Kan. 2003), *aff'd*, 111 F. App'x 611 (Fed. Cir. 2004) (citation omitted).

Here, Defendant moves the Court to reconsider "the division of the marital debt associated with the bankruptcy matter" because "[m]any, if not most, of the debts involved in the Chapter 13 bankruptcy were community debts incurred during the marriage." (Mot. Reconsideration at 3). Defendant seeks for Plaintiff to "pay for half of the bankruptcy payments and related costs, or $104,934.51" or for Plaintiff to "pay for half of his appropriate community debt portion of the debts associated with the bankruptcy." *Id.* Plaintiff opposes, arguing that Defendant has failed to meet the requirements of Rule 60(b). *See generally*, Opp'n at 1-2, Apr. 12, 2024. In Reply, Defendant argues that at minimum, the debt to Attorney Moylan and to Bank of Hawaii were community debts paid for and discharged in bankruptcy. *See* Reply at 2 ("Plaintiff is unable to prove that the debt to Attorney Douglas Moylan and to Bank of Hawaii were separate debt."); *see also* Decl. of Deft ¶ 8 ("Combining the debts paid for Mr. Moylan and Bank of Hawaii, Mr. Kim should be ordered to pay his community debt share of these debts which total $75,985.29."). Defendant ultimately paid $10,500.00 in principal and $3,886.67 in interest towards the Bank of Hawaii loan and $137,583.93 to Attorney Moylan in attorney's fees. *See* Decl. of Deft., Exh. A, Mar. 18, 2024 (Chapter 13 Standing Trustee's Final Report and Account (Bankruptcy Case No. 17-00096), Jan. 3, 2023).

Testimony at trial set forth the following:

45. In 2010, Defendant Sued Henry Wood and Song Cha Wood over the MTM Washland in Civil Case No. CV1122-10. Defendant testified that the laundromat tenants caused a lot of issues in the building.

46. Defendant retained Attorney Douglas Moylan in the civil matter, which was litigated all the way to trial. . . . Defendant testified that she tried to negotiate with Attorney Moylan to settle the attorney's fee issue but was unsuccessful and Attorney Moylan sued her in 2017 in Civil Case No. CV0210-17.

47. Defendant testified that because of this, Plaintiff told her to file bankruptcy and to put everything under his name.

\* \* \*

76. Defendant filed for bankruptcy in the U.S. District Court of Guam, Bankruptcy Case No. 17-00096, *In re JAEUN KATHY YU.* Defendant filed for bankruptcy in her name only.

77. Plaintiff testified that he accompanied Defendant to most meetings with her bankruptcy attorney, but did not sign any bankruptcy documents. Plaintiff testified that he disagreed with Defendant filing bankruptcy. Plaintiff testified that Defendant filed for bankruptcy after she sued the tenant and took over the laundromat. Plaintiff indicated that Defendant did not want to pay attorney fees to Attorney Douglas Moylan incurred from the lawsuit.

78. Defendant's bankruptcy matter included attorney's fees to Attorney Moylan along with several unsecured loans from various banks from as early as 2001.

\* \* \*

82. Defendant's monthly payment in the bankruptcy proceeding is $3,100.00. At the time of her testimony, Defendant had made approximately 40 payments totaling $12,400.00 towards bankruptcy payments since the parties' separation in August 2018.

83. Defendant testified that her bankruptcy plan was for five years, and would conclude in 2023.

84. Plaintiff testified that he did not believe Defendant was including all her income and assets for the bankruptcy proceedings.

(FFCL at 8; 11-12). The Court determined that "Defendant shall retain any remaining obligations under the bankruptcy proceedings (*In re Jaeun Kathy Yu,* Bankruptcy Case No. 17-00096, U.S. District Court of Guam) as her sole and separate obligation." (FFCL at 31).

The parties disputed at trial whose idea it was to declare bankruptcy, in addition to the reason(s) why Defendant filed bankruptcy on her own instead of jointly with Plaintiff. While both Plaintiff and Defendant may have attended meetings with the bankruptcy attorney, *only* Defendant signed the bankruptcy documents and ultimately filed for bankruptcy in her name alone. The Court does not find that the bankruptcy payments towards the Attorney's Fees and Bank of Hawaii loan should be considered community debt. As indicated earlier, Defendant's bankruptcy matter included attorney's fees to Attorney Moylan along with several unsecured loans from various banks from as early as 2001. The Court acknowledges that the parties were

married when Defendant incurred the debt to Attorney Moylan, but finds that because the lawsuit she initiated was to evict the laundromat tenants in the MTM building which the Court determined was her sole property, that debt is a separate debt, and not a community debt. There was no testimony at trial regarding any loan obtained by Defendant from the Bank of Hawaii.[1] Without more, the Court finds that the loan shall remain classified as separate debt under Defendant's bankruptcy proceeding.

## II. Motion for Updated Accounting

Defendant also moves the Court for an "updated accounting in order to determine each party's respective property interest and obligations." (Mot. Reconsideration at 4). Defendant indicates as to the Coast 460 Loan she "paid an additional 8 months of the monthly $4,212.50 which totals $33,700" of which Plaintiff owes half ($16,850)." *Id.* Defendant requests:

> the court order the Plaintiff to pay for his share of the community debt. If Plaintiff is unable to pay for his share of his community debt with his community property interests, then Ms. Yu is requesting that the Court convey to her all community property and all community debt associated with this matter. Or, in the alternative, Ms. Yu requests that the court enter a money judgment against the Plaintiff so that Ms. Yu can pursue all available legal remedies under Guam law against him.

(Mot. Reconsideration at 4-5). Plaintiff sets forth that this request is premature in light of the pending Motion for Reconsideration before the Court. (Opp'n at 4).

On July 31, 2024, Defendant also filed a Motion for an Order Awarding SK Property to Defendant. The briefing deadlines for this Motion have not yet passed. *See* CVR 7.1 Form 1 (Opposition brief due August 27, 2024; Reply brief (if any) due September 10, 2024). In the Motion, Defendant requests that she be awarded the SK Property and that the $220,000 community property interest in the SK Property be offset against money owed to her by the Plaintiff. *See generally*, Mot., Jul. 31, 2024. The Motion further references the instant Motion in that she has requested for a money judgment. In light of this, the Court finds that this portion of

---

[1] The Court did hear testimony, however, as to other bank loans obtained during the marriage such as the Bank of Guam loan and Coast 360 loan. Some of the bankruptcy paperwork includes information on two different Bank of Hawaii loans. *See* Plt. Exh. 14.

the Motion should be addressed with the pending Motion for an Order Awarding SK Property to Defendant. Thus, the Court reserves on any ruling on this portion of the Motion until the subsequent Motion regarding the SK Property is addressed.

**III. Plaintiff's Cross Motion for Reconsideration**

In his Opposition to Defendant's Motion for Reconsideration, Plaintiff also includes a Cross-Motion for Reconsideration. Plaintiff argues that the Court erred under GRCP 60(b) "when it found that it was unable to attribute greater fault to either party relating to abuse or cruelty." (Opp'n at 3). Plaintiff sets forth that the Court should "find that Defendant KATHY was at greater fault for the Parties' divorce and that Plaintiff KIM is entitled to more community assets and less community debt." *Id.* at 4. Defendant opposes, arguing that "Plaintiff has incorporated a cross-motion without any accompanying CVR forms or necessary papers" and that "[i]n light of the Court's detailed summary of the testimony at trial, and serious consideration of the material facts, the Court should again deny Plaintiff's request for reconsideration." (Reply at 3).

The Court heard a significant amount of testimony from both parties accusing each other of physical and emotional abuse. Plaintiff has not presented any basis for reconsideration. Therefore, the Court denies the Cross-Motion for Reconsideration.

**IV. Interlocutory and Final Divorce Decrees**

Lastly, Defendant moves the Court to order Plaintiff to submit the divorce decrees, as previously ordered in the Findings of Fact and Conclusions of Law. (Mot. Reconsideration at 5). Plaintiff indicates that the request is premature in light of the pending Motion for Reconsideration before the Court. (Opp'n at 4). Plaintiff has not presented the Court with any reason why he has been unable to proffer the decrees as previously ordered. Therefore, the Court orders Plaintiff to submit the divorce decrees within twenty (20) days of the issuance of this Decision and Order.

**CONCLUSION**

For the foregoing reasons, the Court hereby DENIES IN PART Defendant's Motion for Reconsideration. The Court RESERVES on the portion of Defendant's Motion requesting an updated accounting and ORDERS Plaintiff to submit the divorce decrees for the Court's signature within twenty (20) days of the issuance of this Decision and Order. The Court DENIES Plaintiff's

Cross-Motion for Reconsideration. A CVR 7.1 Form 3 Notice of Hearing or Submission on Briefs will be subsequently issued setting forth a Motion Hearing date for Defendant's Motion for an Order Awarding SK Property to Defendant.

IT IS SO ORDERED this 22ND day of August, 2024.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam